IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  VAN LEWIS DAVIS, JR.                    CASE NO: 16-13667
      DEBTOR

---

**OBJECTION TO NOTICE OF MORTGAGE PAYMENT CHANGE**
**(DOC #42)**

---

**COMES NOW**, the debtor named above and files this his Objection to the Notice of Mortgage Payment Change filed by Lakeview Loan Servicing, LLC, document number 42, pursuant to Federal Rule of Bankruptcy Procedure 3002.1, showing the Court as follows:

    1.    Lakeview Loan Servicing, LLC filed a Notice of Mortgage Payment Change alleging that the ongoing mortgage payment would increase to $1,392.41 due to an increase in the escrow payment from $278.01 to $367.96.  The debtor objects to the, especially considering the attachment to the notice shows the total annual escrow disbursements decreased since the last escrow analysis was prepared.

    2.    Debtor alleges that the notice fails to comply with Federal Rule of Bankruptcy Procedure 3002.1.

    3.    Debtor alleges that the change in payment is a direct result of Lakeview Loan Servicing, LLC's misapplication of the payments being received by the Chapter 13 Trustee in violation of the Order Confirming Chapter 13 Plan and the Deed of Trust and Note associated with the debtor's mortgage loan.

    **WHEREFORE,** the debtor prays of the Court as follows:

    A.    That the Court order Lakeview Loan Servicing, LLC, to provide a

  complete breakdown of the mortgage loan with a full explanation of the cause for the increase in mortgage payment;

B. That the Court order Lakeview Loan Servicing, LLC, to provide a complete life of loan transactional history for the mortgage loan in question;

C. That should Lakeview Loan Servicing, LLC, not provide proof of the increase in mortgage payment the Court enter an order disallowing the Notice of Mortgage Payment Change;

D. That the Court order Lakeview Loan Servicing, LLC, to provide a complete escrow breakdown including all amounts creditor alleges has been and will be paid through the escrow account;

E. That the Court award debtor all relief available under Federal Rule of Bankruptcy Procedure 3002.1(g); and

F. That the debtor have such other and further relief as the Court may deem just and proper under the circumstances.

This the 23rd day of May 2019.

            Respectfully submitted,


            __/s/William L. Fava_____
            WILLIAM L. FAVA (MSB# 101348)
            Attorney for Debtor

7165 Swinnea Rd., Bldg. A Ste. 1
P.O. Box 783
Southaven, MS  38671
(662) 536-1116

## CERTIFICATE OF SERVICE

     I, William L. Fava, hereby certifies to the Court that to the extent any party was not served by the CM/ECF System, I have this day served a copy of the foregoing Objection on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, and addressed to each person at the place where he or she regularly conducts his business or profession as follows:

Locke D. Barkley
Via ECF at sbeasley@barkley13.com

U.S. Trustee
Via ECF at USTPRegion05.AB.ECF@usdoj.gov

Kimberly D. Mackey on behalf of Creditor Lakeview Loan Servicing, LLC
msecf@ms.creditorlawyers.com

DATED: May 23, 2019


          /s/William L. Fava
         WILLIAM L. FAVA
         Attorney at Law


7165 Swinnea Rd., Bldg. A Ste. 1
P.O. Box 783
Southaven, MS  38671
(662) 536-1116